UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INGENIX, INC., a Delaware corporation, | Court File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| CAVE CONSULTING GROUP, LLC, a California limited liability company, | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiff, Ingenix, Inc. ("Ingenix"), for its Complaint against Cave Consulting Group, LLC ("CCG"), alleges as follows.

## THE PARTIES

1. Ingenix is a Delaware Corporation with its principal place of business in Minnetonka, Minnesota.

2. CCG is, on information and belief, a California limited liability company, with a principal place of business in San Mateo, California.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. CCG is subject to personal jurisdiction in this District because it does business in this District and has committed acts of infringement in this District. In particular, CCG has offered or sold its infringing Marketbasket System to customers in Minnesota, or used its infringing Marketbasket System to provide services to customers in Minnesota.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## FACTS

7. Ingenix is a leader in the design and development of analytical tools used to evaluate patterns of health care delivery and increase the efficiency of quality health care delivery.

8. Ingenix has developed and acquired a number of patented technologies aimed at improving the efficiency of health care delivery. These include technologies aimed at organizing data regarding medical care into appropriate groups for further analysis and processing. When medical claims data is grouped appropriately it can be further analyzed and processed to assess, for example, efficiency of care, patterns of treatment, and the like. This grouping technology enables health care providers, health plans and others to improve the efficiency and quality of health care delivered to patients. Ingenix owns several United States Patents pertaining to its grouping or grouper technology.

9. Ingenix owns all right, title and interest in U.S. Patent No. 7,222,079 ("the '079 Patent"), entitled, "Method and System for Generating Statistically-Based Medical

Provider Utilization Profiles," which was duly issued on May 22, 2007, and remains in full force and effect. A copy of the '079 Patent is attached as Exhibit A.

10. Ingenix owns all right, title and interest in U.S. Patent No. 7,774,252 ("the '252 Patent"), entitled, "Method and System for Generating Statistically-Based Medical Provider Utilization Profiles," which was duly issued on August 10, 2010, and remains in full force and effect. A copy of the '252 Patent is attached as Exhibit B.

11. Ingenix owns all right, title and interest in U.S. Patent No. 5,835,897 ("the '897 Patent"), entitled, "Computer-Implemented Method for Profiling Medical Claims," which was duly issued on November 10, 1998, and remains in full force and effect. A copy of the '897 Patent is attached as Exhibit C.

12. Ingenix owns all right, title and interest in U.S. Patent No. 6,370,511 ("the '511 Patent"), entitled, "Computer-Implemented Method for Profiling Medical Claims," which was duly issued on April 9, 2002, and remains in full force and effect. A copy of the '511 Patent is attach as Exhibit D.

13. Ingenix owns all right, title and interest in U.S. Patent No. 7,620,560 ("the '560 Patent"), entitled, "Computer-Implemented Method for Profiling Medical Claims," which was duly issued on November 17, 2009, and remains in full force and effect. A copy of the '560 Patent is attach as Exhibit E.

14. Ingenix owns all right, title and interest in U.S. Patent No. 7,774,216 ("the '216 Patent"), entitled, "Computer-Implemented Method for Profiling Medical Claims," which was duly issued on August 10, 2010, and remains in full force and effect. A copy of the '216 Patent is attach as Exhibit F.

15. Ingenix owns all right, title and interest in U.S. Patent No. 7,725,333 ("the '333 Patent"), entitled, "Cluster of Correlated Medical Claims In an Episode Treatment Group," which was duly issued on May 25, 2010, and remains in full force and effect. A copy of the '333 Patent is attached as Exhibit G.

16. CCG makes, uses, offers and sells analytical tools used to evaluate health care delivery efficiency, including but not limited to the CCG Marketbasket System. The CCG Marketbasket System is a software product. The core component of the CCG Marketbasket System is the CCG "Grouper," which groups medical claim data for further analysis. CCG infringes one or more claims each of the '079, '252, '897, '511,'560, '216 and '333 Patents by making, using, offering or selling at least the Marketbasket System.

## COUNT I
## INFRINGEMENT OF THE '079 PATENT

17. Ingenix repeats and incorporates by reference the allegations contained in Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. CCG is infringing Claim 1 of the '079 Patent, by making, using, offering and selling at least the CCG Marketbasket System.

19. The '079 Patent is generally directed to methods for grouping medical claims data into episodes of patient treatment based, in part, on relationships between diagnosis or treatment codes in the claims data as well as the temporal relationships between the claims data. The '079 Patent describes, in particular, the use of a "dynamic time window" to determine when claims may be grouped together as part of an episode of treatment.

20. The CCG Marketbasket System meets all the limitations of Claim 1 of the '079 Patent.

21. The CCG Marketbasket System performs a computer implemented process for processing medical claims.

22. The CCG Marketbasket System reads medical claims data stored in a computer memory.

23. The medical claims data is stored as data records.

24. The CCG Marketbasket System checks a data record to determine whether it includes a diagnosis code.

25. The CCG Marketbasket System checks a data record to determine whether it includes a treatment code.

26. The CCG Marketbasket System associates diagnosis codes with diagnostic categories.

27. The CCG Marketbasket System associates treatment codes with diagnostic categories.

28. The CCG Marketbasket System uses the associations between diagnosis or treatment codes and diagnostic categories, to associate a medical claim with a diagnostic category.

29. The CCG Marketbasket System associates diagnostic categories with time periods.

30. The CCG Marketbasket System uses these time periods to define episodes of treatment.

31. The CCG Marketbasket System groups two separate medical claims as part of a single episode of treatment, if the medical claims are associated with the same diagnostic cluster and the dates of medical service fall within the time period for that diagnostic cluster.

32. For example, if the time period for the diagnostic cluster "acute upper respiratory infection," is 30 days, and medical claims data indicates that the same patient was treated for acute upper respiratory infection on Day 1 and Day 29, the CCG Marketbasket System will associate both medical claims with a single episode of treatment.

33. The CCG Marketbasket System uses a time period that is dynamic.

34. The CCG Marketbasket System uses a time period that may be reset.

35. For example, if the time period for the diagnostic cluster "acute upper respiratory infection," is 30 days, and medical claims data indicates that the same patient was treated for acute upper respiratory infection on Day 1 and Day 29, then the CCG Marketbasket System will reset the time period for an additional 30 days as of Day 29. So, for example, if a medical claim indicates that the patient was also treated for acute upper respiratory infection on Day 50, the CCG Marketbasket System will associate that medical claim with the same single episode of treatment, because the medical treatment on Day 50 was within 30 days of Day 29.

36. Ingenix has been directly damaged by CCG's infringing activities.

## COUNT II
## INFRINGEMENT OF THE '252 PATENT

37. Ingenix repeats and incorporates by reference the allegations contained in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. CCG is infringing at least Claim 1 of the '252 Patent, by making, using, offering and selling at least the CCG Marketbasket System.

39. The '252 Patent application is related to the '079 Patent application. Accordingly, much of the disclosure in the '079 Patent is included in the '252 Patent.

40. The '252 Patent is generally directed to the grouping of medical claims data into episodes of treatment.

41. Claim 1 of the '252 Patent includes all the limitations of Claim 1 of the '079 Patent, and also contains an additional limitation.

42. The CCG Marketbasket System meets all the limitations of Claim 1 of the '252 Patent.

43. The CCG Marketbasket System processes data as set forth above in Count I.

44. In addition, the CCG Marketbasket System further associates the claim with an episode treatment group that is defined by an episode treatment category.

45. Ingenix has been directly damaged by CCG's infringing activities.

## COUNT III
## INFRINGEMENT OF THE '897 PATENT

46. Ingenix repeats and incorporates by reference the allegations contained in Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. CCG is infringing at least Claim 23 of the '897 Patent, by making, using, offering and selling at least the CCG Marketbasket System.

48. The '897 Patent is generally directed to methods for grouping medical claims data into episodes of patient treatment based, in part, on relationships between diagnosis or treatment codes in the claims data as well as the temporal relationships between the claims data. The '897 Patent further describes that grouping can be used to differentiate between illness severity and that claims data can be shifted from one episode treatment category to another, based upon changes in the patient's condition.

49. Claim 23 of the '897 Patent contains limitations similar to those found in Claim 1 of the '079 Patent and Claim 1 of the '252 Patent, and also contains additional limitations.

50. The CCG Marketbasket System meets all the limitations of Claim 23 of the '897 Patent.

51. The CCG Marketbasket System processes data as set forth in Counts I and II above.

52. Based on the pre-defined relationships between diagnosis and treatment codes and diagnostic categories and on the application of the dynamic time window, the CCG Marketbasket System groups a medical claim into an episode of patient treatment.

53. The CCG Marketbasket System differentiates severity of illness based upon diagnosis.

54. The CCG Marketbasket System shifts an episode of treatment from one episode treatment category to another based upon complications.

55. CCG is, and has been, aware of the '897 Patent because in approximately November 1998, the '897 Patent was cited during prosecution of a patent application, which names CCG's principal, Douglas G. Cave, as a named inventor.

56. CCG's infringement of the '897 Patent has been willful and deliberate.

57. Ingenix has been directly damaged by CCG's infringing activities.

## COUNT IV
## INFRINGEMENT OF THE '511 PATENT

58. Ingenix repeats and incorporates by reference the allegations contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. CCG is infringing at least Claim 1 of the '511 Patent, by making, using, offering and selling at least the CCG Marketbasket System.

60. The '511 Patent application is related to the '897 Patent application. Accordingly, much of the disclosure in the '897 Patent is included in the '511 Patent.

61. The '511 Patent is generally directed to the grouping of pharmaceutical claims data into episodes of treatment.

62. The CCG Marketbasket System meets all the limitations of Claim 1 of the '511 Patent.

63. The CCG Marketbasket System performs a computer-implemented method of processing pharmaceutical claims.

64. The CCG Marketbasket System reads pharmaceutical claims data stored in a computer memory.

65. The pharmaceutical claims data is stored as data records.

66. The CCG Marketbasket System checks a data record to determine whether it includes a valid drug code.

67. The CCG Marketbasket System associates drug codes with diagnostic categories.

68. Based on the pre-defined relationship between drug codes and diagnostic categories, the CCG Marketbasket System groups a pharmaceutical claim into an episode of patient treatment.

69. Ingenix has been directly damaged by CCG's infringing activities.

## COUNT V
## INFRINGEMENT OF THE '560 PATENT

70. Ingenix repeats and incorporates by reference the allegations contained in Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. CCG is infringing Claim 1 of the '560 Patent, by making, using, offering and selling at least the CCG Marketbasket System.

72. The '560 Patent application is related to the '897 Patent application. Accordingly, much of the disclosure in the '897 Patent is included in the '560 Patent.

73. The '560 Patent is generally directed to the grouping of medical claims data into episodes of treatment. The '560 Patent generally describes the grouping of medical claims into episodes of treatment based, in part, on the use of pre-defined "clean periods" of time to determine whether claims may be grouped into the same episode of care.

74. The CCG Marketbasket System meets all the limitations of Claim 1 of the '560 Patent.

75. The CCG Marketbasket System performs a computer-implemented method for grouping medical claims data.

76. The CCG Marketbasket System groups medical claim data records into an episode of care.

77. The episode of care relates to treatment of a patient for a specific illness or medical condition.

78. The grouping is performed by computer.

79. The CCG Marketbasket System associates a time period to the episode of care.

80. The time period begins to run on the date of the last medical service for treatment of the patient for the illness or medical condition.

81. If there are no further claims for treatment of the patient for the illness or medical condition, within that period, then the episode of treatment is closed.

82. If there is a further claim for treatment of the patient for the illness or medical condition, within that period, then the time period resets and runs from the date of the last medical service for treatment of the patient for the illness or medical condition

83. Ingenix has been directly damaged by CCG's infringing activities.

## COUNT VI
## INFRINGEMENT OF THE '216 PATENT

84. Ingenix repeats and incorporates by reference the allegations contained in Paragraphs 1 through 83 of this Complaint as if fully set forth herein.

85. CCG is infringing at least Claim 1 of the '216 Patent, by making, using, offering and selling at least the CCG Marketbasket System.

86. The '216 Patent application is related to the '897 Patent application. Accordingly, much of the disclosure in the '897 Patent is included in the '216 Patent.

87. The '216 Patent is generally directed to the grouping of medical claims data into episodes of treatment based, in part, on diagnostic, procedure or drug codes in the data.

88. The CCG Marketbasket System meets all the limitations of Claim 1 of the '216 Patent.

89. The CCG Marketbasket System performs a computer-implemented method for processing medical claim data records.

90. The medical claim data records include a diagnosis, treatment, or drug code.

91. The CCG Marketbasket System stores diagnostic categories in a data storage device.

92. The CCG Marketbasket System associates one or more diagnosis, treatment or drug codes with each diagnostic category.

93. The CCG Marketbasket System processes a patient's medical claim data record with a data processor.

94. The CCG Marketbasket System processes the medical claim data record to identify diagnosis, treatment or drug codes in the data record.

95. The CCG Marketbasket System compares the identified codes with the codes associated with the stored diagnostic categories.

96. The CCG Marketbasket System assigns the medical claim data record to a first diagnostic group based on one or more identified diagnosis, procedure or treatment codes.

97. The CCG Marketbasket System processes another of the patient's medical claim data records.

98. The CCG Marketbasket System processes this additional medical claim data record with a data processor to identify diagnosis, treatment or drug codes in the data record.

99. The CCG Marketbasket System determines whether the identified codes in the additional data record indicate a change in the patient's condition.

100. If the additional data record reflects a change in the patient's condition, CCG Marketbasket System shifts the original data record from the first diagnostic category to a second diagnostic category that reflect the patient's change in condition.

101. Ingenix has been directly damaged by CCG's infringing activities.

## COUNT VII
## INFRINGEMENT OF THE '333 PATENT

102. Ingenix repeats and incorporates by reference the allegations contained in Paragraphs 1 through 101 of this Complaint as if fully set forth herein.

103. CCG is infringing at least Claim 1 of the '333 Patent, by making, using, offering and selling at least the CCG Marketbasket System.

104. The '333 Patent application is related to the '897 Patent application. Accordingly, much of the disclosure in the '897 Patent is included in the '333 Patent.

105. The '333 Patent is generally directed to the grouping of medical claims data into episodes of treatment based, in part, on diagnostic, procedure or drug codes in the data.

106. The CCG Marketbasket System meets all the limitations of Claim 1 of the '333 Patent.

107. The CCG Marketbasket System performs a computer implemented process for storing a cluster of medical claims data representing related medical services rendered by one or more providers to a patient.

108. The CCG Marketbasket System stores multiple medical claims data records in a group.

109. The group represents medical services rendered by one or more healthcare providers to a patient.

110. Each service in the group was rendered for treatment of the same disease or health condition.

111. Each medical claim data record in the group is associated with a date of service.

112. Each service reflected in the group is part of the same episode of medical treatment.

113. The CCG Marketbasket System stores a classification and an identifier for the episode of medical treatment.

114. The CCG Marketbasket System stores a time period associated with the episode of medical treatment.

115. The time period defines the period during which additional medical claims may be added to the episode of medical treatment.

116. The time period is dynamic.

117. The time period is adjusted by a computer processor.

118. The time period is adjusted until no additional claim data records are found reflecting medical services for the treatment of the same disease or health condition after the latest date of service reflected in the group and before the expiration of the time period.

119. Ingenix has been directly damaged by CCG's infringing activities.

## RELIEF REQUESTED

WHEREFORE, Ingenix prays for judgment as follows:

A. That CCG be permanently enjoined from further infringement of the '079, '252, '897, '511, '560, '216 and '333 Patents.

B. That Ingenix be awarded damages for patent infringement in an amount to be determined, including pre- and post-judgment interest.

C. That damages for willful infringement of the '897 Patent be trebled.

D. That Ingenix be awarded its costs and attorneys fees pursuant to 35 U.S.C. § 285.

E. That Ingenix be awarded such other and further relief as the Court finds just and appropriate.

## JURY DEMAND

Ingenix demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: January 11, 2011

DORSEY & WHITNEY LLP

By: /s/ Devan V. Padmanabhan
J. Thomas Vitt (No. 0183817)
vitt.thomas@dorsey.com
Devan V. Padmanabhan (No. 0240126)
padmanabhan.devan@dorsey.com
Sri K. Sankaran (No. 204304)
sankaran.sri@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

*Attorneys for Plaintiff Ingenix, Inc.*